IN THE DISTRICT COURT OF GRAY COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| COURTNEY KEITH ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 13 CV 18 |
| ) | |
| ASSET ACCEPTANCE CAPITAL CORP. ) | Chapter 60 |
| ASSET ACCEPTANCE RECOVERY SERVICES, LLC ) | |
| ASSET ACCEPTANCE, LLC ) | |
| ) | |
| Defendants. ) | |

## SUMMONS

To: **ASSET ACCEPTANCE CAPITAL CORP.**

A lawsuit has been filed against you. Within (21) days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. The answer or motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

A. Scott Waddell        KS#20955
Waddell Law Firm LLC
2029 Wyandotte, Suite 100, Kansas City, MO  64108
(816) 221-2555, FAX: (816) 221-2508
scott@aswlawfirm.com
ATTORNEY FOR PLAINTIFF

    If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the petition. You also must file your answer or motion with the court.

    If you file an answer, any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer. If you fail to do so you will thereafter be barred from making such claim in any other action

Date Oct. 10th, 2013               Clerk of the District Court

Clerk's Seal     [SEAL]            By _____
                                       **Deputy**

1

**EXHIBIT A**

FILED
2013 OCT 10 AM 10: 50

Sandy Salmans
CLERK DISTRICT COURT
GRAY COUNTY, KANSAS

IN THE DISTRICT COURT OF GRAY COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| COURTNEY KEITH | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 13 CV 18 |
| | ) |
| ASSET ACCEPTANCE CAPITAL CORP., | ) Chapter 60 |
| ASSET ACCEPTANCE RECOVERY SERVICES, LLC, | ) |
| and ASSET ACCEPTANCE, LLC | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Courtney Keith ("Keith"), by and through counsel A. Scott Waddell of the Waddell Law Firm LLC, and states her Petition for Damages against Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC as follows.

1. Plaintiff resides in Gray County, Kansas.

2. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC are all "debt collector[s]" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

3. Defendants can be served by serving them at their Kansas registered agent The Corporation Company, Inc.'s location of 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. Jurisdiction and venue in the District Court of Gray County are proper in that Defendants attempted to collect an alleged debt from Plaintiff in Gray County, Kansas. Further, jurisdiction and venue in the District Court of Gray County are proper in that Plaintiff is a resident of Gray County, Kansas. K.S.A. § 50-638 (b) *Venue* states,

1

in full: "Every action pursuant to this act [KCPA] shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act."

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692 a(3).

6. Defendants were and are attempting to collect an alleged "debt" as defined by 15 U.S.C. § 1692 a(5).

7. On our about May 16, 2013, Plaintiff received a debt collection call from Defendants. Plaintiff missed the call but immediately called Defendants back. Plaintiff inquired upon the date of alleged delinquency and was advised by Defendants' agent that the date of delinquency was 2007. Plaintiff stated that the statute of limitations had expired on said alleged debt and that she didn't want to be contacted again, stating specifically, that "this is my cease and desist" and for Defendants to not contact her again.

8. On or about May 17, 2013, Plaintiff received another debt collection call from Defendants. Plaintiff reiterated that she had previously advised Defendants not to contact her and that she had verbally communicated a cease and desist.

9. Defendants' employee and/or agent acknowledged that they had seen an internal entry depicting Plaintiff's request for a cease and desist but that it takes 48 hours for the Defendants' system to be updated in the Defendants' automatic dialer. Plaintiff

again reiterated that the statute of limitations had expired on said alleged debt and that she didn't want to be contacted again. Upon hearing this information, Defendants' employee and/or agent acted as if he could not hear Plaintiff, stating, "hello, hello, hello, I can't hear you ma'am."

10. On or about May 17, 2013, Plaintiff sent correspondence to Defendant Asset Acceptance Capital Corp. The correspondence read, in pertinent part:

"To Whom it may concern:

My name is Courtney Tacha, I am sending you in writing my cease and desist. I do not want anymore contact regarding my Gander Mountain credit card bill. The accounts [sic] statute of limitations have expired. I received a call yesterday 05-16-13 and advised them not to call me again regarding the account. I received another call today 05-17-13 even after I asked them not to call me any longer. I am letting you know that if I receive any kind of communication from you, I will report you to FDCPA as you are in violation. Thank you,

Courtney Tacha"

11. Nonetheless, Defendants' agents and/or employees, contacted Plaintiff on August 6th (at 11:30 a.m.) and August 7th (at 4:40 p.m.) 2013 despite her prior oral requests not to be telephoned and her May 17, 2013 written correspondence demanding no further phone calls regarding any alleged debt owed regarding the alleged Gander Mountain credit account. While speaking to Defendants' employee and/or agent "John", "John" stated that Defendants did in fact receive the cease and desist letter and that Plaintiff's alleged account was in "cease and desist status".

12. Despite Defendants' receipt of Plaintiff's May 17, 2013 written correspondence and Defendants' confirmation of Plaintiff's oral requests not to be phoned, collection calls to Plaintiff continued, including the calls on August 6th and 7th,

3

2013.

13. Plaintiff, through her undersigned counsel, sent Defendant a *Nelson v. Miller* demand on August 16, 2013. The letter, reads, in pertinent part: "To Whom It May Concern: I represent Courtney Keith (maiden name Tacha) with respect to your company's repeated improper collection attempts upon her."

14. On September 13, 2013, Defendant Asset Acceptance LLC's employee, agent and Managing Attorney David Den Houten sent responsive correspondence that acknowledged that Defendant Asset Acceptance LLC had "received a cease communication request in May 2013." This correspondence further requested an extension of time for which Defendant Asset Acceptance LLC to respond to the August 16, 2013 *Nelson v. Miller* demand.

15. On or about September 16, 2013, Plaintiff's undersigned counsel sent correspondence via FAX and email to Mr. Den Houten stating that Plaintiff had authorized a ten-day extension to continue to evaluate Plaintiff's August 16, 2013 *Nelson v. Miller* demand.

16. On September 28, 2013, Plaintiff received another collection call from Defendants at 2:28 p.m. When Plaintiff answered, Defendants hung up on her. Plaintiff called Defendants back immediately and advised Defendants of the call. Defendants' employee and/or agent, a male, advised Plaintiff that he would have Defendants' employee return Plaintiff's call and inquiry. Plaintiff again advised Defendants that she had an attorney.

17. The Kansas Supreme Court has previously held that an independent debt collection agency falls within the definition of a "supplier" and is subject to the

4

provisions of the Kansas Consumer Protection Act ("KCPA").

*State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

18.  Defendants are vicariously liable for the actions and omissions of its employees and/or agents.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiff, for this Count One of Plaintiff's Petition for Damages against Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC, incorporates the previous paragraphs as if wholly set forth herein.

20.  Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC violated the FDCPA. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC's violations of the FDCPA include, but are not limited to, the following;

(a)  engaging in conduct that had the natural consequence to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d); and

(d)  utilizing unfair or unconscionable means to collect or attempt to collect a time barred debt (15 U.S.C. § 1692f); and

(c)  repeatedly and/or continuously calling Plaintiff with the intent to annoy, abuse, and/or harass Plaintiff (15. U.S.C. § 1692 d(5)); and

(d)  failing to cease all further debt collection communications by telephone (15. U.S.C. § 1692 c(c)); and

(e)  communicating with the consumer after it knowing that the consumer was represented by an attorney (15. U.S.C. § 1692c(a)(2)

5

WHEREFORE, for Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC in the amount of $1,000.00 for the violation(s) of the FDCPA by Defendants, or for Plaintiff's actual damages, whichever is greater, for Plaintiff's costs in maintaining this action and reasonable attorney's fees at $300.00 per hour pursuant to 15 U.S.C. § 1692k(a)(3), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT TWO
## BREACH OF THE KANSAS CONSUMER PROTECTION ACT

21. Plaintiff, for this Count Two of Plaintiff's Petition for Damages against Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC, incorporates the previous paragraphs as if wholly set forth herein.

22. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC are all "supplier[s]" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (j).

23. Plaintiff is a "consumer" under the KCPA, specifically K.S.A. § 50-624 (b).

24. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC's attempts to collect a debt from Plaintiff constitute a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

25. Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC's conduct.

26. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC's violations of K.S.A. § 50-627, Unconscionable acts and practices, include, but are not limited to:

> (a) generally engaging in unconscionable conduct by repeatedly calling and dunning Plaintiff despite the Defendants' knowledge of the Plaintiff's cease and desist letter and oral requests, in violation of K.S.A. § 50-627 (a); and
>
> (b) generally engaging in unconscionable conduct by repeatedly calling and dunning Plaintiff despite the Defendants' knowledge of the Plaintiff's representation by legal counsel, in violation of K.S.A. § 50-627 (a); and
>
> (c) generally engaging in unconscionable conduct by repeatedly calling and dunning Plaintiff on a time barred debt under Kansas' statute of limitations, in violation of K.S.A. § 50-627 (a); and
>
> (d) generally engaging in unconscionable conduct, in violation of K.S.A. § 50-627 (a).

27. Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC's violations of K.S.A. § 50-626, Deceptive acts and practices, include, but are not limited to:

> (a) the supplier(s) repeatedly continued calling and dunning Plaintiff the supplier(s) continued to contact Plaintiff despite her "cease and desist" requests, in violation of K.S.A. § 50-626 (a); and
>
> (b) the supplier(s) continued to contact Plaintiff despite the Defendants' knowledge of the Plaintiff's representation by legal counsel, in violation of K.S.A. § 50-626 (a); and
>
> (c) the supplier(s) generally engaged in deceptive conduct by repeatedly calling and dunning Plaintiff on a time barred debt under Kansas' statute of limitations, in violation of K.S.A. § 50-626 (a).

28.     For the benefit of the general public, Plaintiff is entitled to an injunction calculated to curb and prevent Defendants from continuing their practice of violating the Kansas Consumer Protection Act by engaging in the acts and practices set out above.

WHEREFORE, for Count Two of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendants Asset Acceptance Capital Corp., Asset Acceptance Recovery Services, LLC and Asset Acceptance, LLC in the amount of $10,000.00, or for Plaintiff's actual damages, whichever is greater, for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a), for Plaintiff's costs and legal fees at $300.00 per hour for attorney A. Scott Waddell in maintaining this action per K.S.A. § 50-634(e), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY PURUSANT TO KSA 60-238

Respectfully submitted,

A. Scott Waddell        KS# 20955
Waddell Law Firm LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-221-2555
Facsimile: 816-221-2508
**Attorney for Plaintiff**